IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

JOHN MICHAEL ROSPROY,

          Plaintiff,

   Vs.                          No.  10-1417-SAC

VALERIE JEAN ROSPROY,

          Defendant.


MEMORANDUM AND ORDER

        The case comes before the court on Valerie Rosproy's response to the notice and order to show cause (Dk. 5) filed December 15, 2010. By that order, Ms. Rosproy was "to show cause in writing" to this court "the basis for subject matter jurisdiction and that removal of the state court matters was proper." *Id.* A written response was filed December 20. 2010. (Dk. 6). According to Ms. Rosproy's notice of removal, she is seeking to remove a state divorce proceeding filed in May of 2005 and two child in need of care proceedings filed in September of 2009.

        Ms. Rosproy has moved to proceed in forma pauperis. (Dk. 3). After reviewing her submitted financial affidavit, the court finds her financial situation warrants waiver of the filing fee. The court, however, will not order the service of this notice by a United States marshal, as the action is

being remanded to state court immediately.

Ms. Rosproy has moved to have this case placed under camera and under seal (Dk. 4). Due to the privacy interests involved in the state proceedings for which removal is sought, the court will place under the seal Ms. Rosproy's filings and attachments per the following docket numbers: 1, 4, and 6.

This is a court of limited jurisdiction, and it must refrain from exercising jurisdiction unless certain that such jurisdiction has been granted by Congress. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1182 (10th Cir. 2000). As provided in 28 U.S.C. § 1441(a), a defendant in a state court civil action may remove the action to federal court if the federal court would have original jurisdiction over the action. The removing party carries the burden of demonstrating that removal was proper and that the federal court has original jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Federal removal jurisdiction is statutory in nature, and the governing statutes are to be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108-09 (1941); *see Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814 (1986).

"[R]emoval is reserved for those cases 'that originally could have been filed in federal court.'" *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). "'This jurisdictional prerequisite to removal is an absolute, non-waivable requirement.'" *Id.* (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir.1996). The state court actions here involve a state divorce proceeding filed by Ms. Rosproy's husband in 2005, and two child in need of care petitions filed by the State of Kansas in 2009. Because none of these actions could have originated in federal court, there is no removal jurisdiction here. The Tenth Circuit has addressed removal jurisdiction under similar circumstances:

> Here, the underlying state court civil action involved child custody. Because Lamb could not have initiated this action in federal court, Hunt could not remove it to federal court. It is well-established that federal courts lack jurisdiction over "'[t]he whole subject of the domestic relations of husband and wife, [and] parent and child.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) (quoting *In re Burrus*, 136 U.S. 586, 593-94, 10 S.Ct. 850, 34 L.Ed. 500 (1890) (first alteration in original)); *see also* 28 U.S.C. § 1331 (giving district courts original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States"). As the district court lacked jurisdiction over Hunt and Lamb's child custody dispute, it was required by 28 U.S.C. § 1447(c) to remand the action to state court. . . .
>
> To the extent that Hunt sought removal to vindicate his civil and constitutional rights, remand was still required. Generally speaking, "a case may not be removed to federal court solely because of a

> defense or counterclaim arising under federal law." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). An exception to this rule is 28 U.S.C. § 1443, which allows removal to address the violation of a right to racial equality that is unenforceable in state court, *see Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). But nothing in Hunt's notice of removal suggests that § 1443 applies here.

*Hunt v. Lamb*, 427 F.3d at 726-27. These same rules apply with equal force to the removal of the child in need of care proceedings. *See Gordon v. Kansas*, 2007 WL 3245416 at *1-*2 (D. Kan. 2007). The court further doubts that Ms. Rosproy is a defendant with standing to remove the child in need of care proceedings. *Oltremari by McDaniel v. Kansas Social & Rehabilitative Service*, 871 F. Supp. 1331, 1343 (D. Kan. 1994). For that matter, Ms. Rosproy's notice of removal does not meet the mandatory 30-day time requirement for removal. *Cendant Mort. Corp. v. Clemmer*, 2005 WL 2455577 at *1 (D. Kan. 2005) (citing *See Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702 (1972)). Ms. Rosproy's allegations that her husband, the state and the state court are acting in violation of her federal constitutional and civil rights does not confer removal jurisdiction on the federal court. It is settled law that a defense under federal law is not a basis for removal. *Caterpillar, Inc. v. Williams*, 482 U.S. at 393. Finally, the plaintiff has not asserted the violation of a specific right to racial

equality for which 28 U.S.C. § 1443 would be applicable.

Because the court is remanding this action early pursuant to its review authority under 28 U.S.C. § 1915(e)(2)(B)(ii), an award of costs, expense and fees for a frivolous removal pursuant to § 1447(c) is deemed unnecessary. The court, however, will admonish Ms. Rosproy to be mindful of the court's authority to impose an award of costs, expenses and fees in remanding a case.

IT IS THEREFORE ORDERED that the Sedgwick County cases attached to the notice of removal, in particular the divorce proceeding, No. 05-DM-3224, and the two child in need of care petitions, Nos. 09-JC-350 and 09-JC-351, are remanded, and the Clerk of the Court is directed to mail certified copies of this order to the Clerk of the District Court of the Eighteenth Judicial District, Sedgwick County, Kansas for the Family Law Department and for the Juvenile Department;

IT IS FURTHER ORDERED that Ms. Rosproy's motion to proceed in forma pauperis (Dk. 3) is granted.

IT IS FURTHER ORDERED that Ms. Rosproy's motion to have this case placed under camera and under seal (Dk. 4) is granted to the extent that Ms. Rosproy's filings and attachments per the following docket

numbers:  1, 4, and 6 are placed under seal.

Dated this 30th day of December, 2010, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge